IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

GWENDOLYN CARANCHINI, )
)
    *Plaintiff*, )
)
v. ) Case No. 17-CV-00667
)
LOLA PECK, et al., )
)
    *Defendants*. )

### SUGGESTIONS IN SUPPORT OF DISMISSAL FOR LACK OF PERSONAL JURISDICTION AND FRCP 54(b) CERTIFICATION BY DEFENDANTS STEVE HOWE, JOHN FRITZ, MICHAEL MCELHINNEY, DAN VOKINS AND JAMES E PHELAN.

Defendants Steve Howe, Johnson County, Kansas, District Attorney, John Fritz (Johnson County, Kansas, Assistant District Attorney, Michael McElhinney, Johnson County, Kansas Assistant District Attorney, Dan Vokins, Kansas Magistrate Judge, Johnson County, Kansas, and James E. Phelan, Johnson County, Kansas, [*hereinafter* collectively State Defendants] submit the following suggestions and authority in support of its motion to dismiss for lack of personal jurisdiction.[1]

### STATEMENT OF FACTS

Plaintiff has sued two individuals, Rick Peck and his apparent wife Lola concerning an apparent relationship that Plaintiff had with Rick Peck. That alleged relationship apparently ended badly. For purposes of this Motion to Dismiss, Plaintiff's alleged estrangement from Rick

---

[1] In Kansas, district attorneys are state officials. K.S.A. 22a-101, 22a-108; Kan. Op. Att'y Gen. No. 87–13; *Allen v. Kline*, 507 F. Supp.2d 1150, 1161 (D. Kan. 2007); *Schroeder v. Kochanowski*, 311 F. Supp.2d 1241, 1254 (Tenth Cir. 2004). District Court judges are likewise state officials. *See e.g., Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012).

Peck resulted in Johnson County, Kansas, misdemeanor charge of Harassment by Telephone against Plaintiff—*State of Kansas v. Caranchini*, No. 17DV111, Dist. Ct. Johnson County, Kansas.[2] Plaintiff's allegations and claims against these Defendants stem from her prosecution in that case. As correctly noted by Plaintiff, it has been dismissed.

Plaintiff lists many complaints about her treatment in jail, none of which are relevant for these defendants. Against these Defendants, she objects to how she was charged, how she was arrested in a courtroom after a hearing on another case, the manner of setting bond, and her ability to make a plea.

Plaintiff alleges she was arrested on the state misdemeanor charges at the end of a hearing in Johnson County District court in another case. (Amended Complaint, ¶ 4.) She alleges she was arrested and jailed on February 9, and released on bail on the evening of February 10. (Amended Complaint, p. 10.) She alleges that Judge Vokins ordered her incarcerated, and either did or did not set bail, her allegations are unclear. (Amended Complaint ¶ 6.) She alleges that Judge Phelan heard various matters regarding the charges at the request of ADA McElhinney. (Amended Complaint ¶ 7.) She makes vague allegations about a Judge's handling of motions. (Amended Complaint ¶ 90.) She alleges that Fritz and McElhinney brought the charges (Amended Complaint ¶¶ 7, 9) under the authority of Howe as District Attorney (Amended Complaint ¶ 8.) She complains that Fritz decided to file charges. (Amended Complaint ¶¶ 84-85.) She complains about how McElhinney handled the case. (Amended Complaint ¶¶87-89.) She alleges the charges were dismissed in October 2017. (*Id.*) Against Howe specifically, she

---

[2] Plaintiff repeatedly incorrectly refers to this charge as a "municipal charge." It is a state charge. It can be viewed on the Johnson County District Court's web site: http://www.jococourts.org/.

complains about the manner in which the case was handled, but also generally about bail procedures, and jail conditions.[3] (Amended Complaint ¶ 93.)

Counts I, II, III, and IV do not apply to the State Defendants. Count V complains about jail conditions. Jails in Kansas are under authority of the sheriff. K.S.A. 19-311.

Count VI is against the district attorney defendants: Howe, Fritz, and McElhinney. Plaintiff complains mostly about the decision to charge her on charges she describes as "false", but also that she was arrested, the timing of bonding arrangement, and their conduct generally during the pendency of the proceedings. (Amended Complaint, ¶¶ 166-80.) Against the District Attorneys defendants, Plaintiff seeks money damages. (Amended Complaint, p. 106.)

Count VII is against the Judge Defendants; Vokins and Phelan. Plaintiff complains that bond was not set prior to her arrest. She complains about jail officials' statements about her. She complains about the amount of bond. She complains about the length of bond. She complains about bond conditions ("no drinking"). She complains about judges handling of her hearings and hearings of others. She complains about the length the charges were pending. (Amended Complaint ¶¶ 181-185.) Against the Judge Defendants, Plaintiff has a vague "wherefore" clause asking for a change of court procedures. (Amended Complaint, p. 110).

Affidavits concerning State Defendants are attached as Exhibits 1 to 3. All are Kansas residents. All have offices only in Kansas. Their legal authority only extends to Kansas.

**ARGUMENTS AND AUTHORITIES**

Personal jurisdiction over a non-resident defendant requires compliance with both the forum state's long-arm statute and the Due Process Clause of the United States Constitution. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008). Plaintiff bears the burden of

3

establishing a prima facie case of jurisdiction and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014)

To the extent that Plaintiff might seek injunctive relief against State Defendants, suits against a state official in the official's capacity are treated as a suit against the state. *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017). Missouri's long arm statute, Mo. Rev. Stat. § 506.500.1, only allows jurisdiction over a "person or firm." The State of Kansas is neither. It is a separate, sovereign entity.

Even if the court were to determine that Missouri's long arm statute applies to other states, constitutional limits on jurisdiction must be applied. Because the Missouri long-arm statute [MO. REV. STAT. § 506.500] confers jurisdiction to the fullest extent permitted by the Due Process Clause, the inquiry collapses to the single question of whether personal jurisdiction comports with constitutional due process. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985). There are two types of personal jurisdiction: general and specific. General jurisdiction is permissible under the Due Process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue ... is ... one of general fairness to the [defendant]." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, (1952).

The United States Supreme Court articulated a two-prong Due Process test for determining specific jurisdiction. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The first, the traditional minimum contacts prong, focuses on the defendant's connection with the forum state and the relationship between the connection and the litigation. *Burger King Corp.*, 471 U.S. at 471–76. The second prong is frequently referred to as the fairness, convenience, or reasonableness prong. Beyond the requirement of minimum contacts, Due Process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. *Id*. at 476. Sufficient minimum contacts requires some act by which the State Defendants "'purposely availed themselves of the privilege of conducting activities within Missouri, thus invoking the benefits and protections of its laws.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The "purposeful availment" requirement ensures that a defendant will not be haled into Missouri solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person. *Burger King*, 471 U.S. at 475.

As to Plaintiff's apparent official capacity claims against the Judge Defendants, Plaintiff fails to make any showing, prima facie or otherwise, that the court has general jurisdiction over the State of Kansas. Plaintiff does not allege that the State of Kansas has engaged in "continuous and systematic contacts" with Missouri unrelated to the events of this case such that State of Kansas could reasonably expect to be haled into court in Missouri.

As to Plaintiff's money damages/individual capacity claims against the District Attorney Defendants, Plaintiff fails to make a showing that the court has general jurisdiction over them. Plaintiff does not allege that the District Attorney Defendants engaged in "continuous and

5

Case 4:17-cv-00667-GAF   Document 11   Filed 10/27/17   Page 5 of 8

systematic contacts" with Missouri unrelated to the events of this case such that they could reasonably expect to be haled into court in Missouri.

Plaintiff fails to make a prima facie showing that the court has specific personal jurisdiction over any of the State Defendants. The only asserted contacts with anyone in the State of Missouri are purely incidental to Plaintiff's criminal charges in the State of Kansas. Criminal proceedings involving a non-resident do not establish personal jurisdiction over another state. *See e.g., Antoine v. New Jersey*, No. 3:09-CV-00380, 2010 WL 4643843, at *3 (W.D.N.C. Nov. 9, 2010); *Ray v. Simon*, 2008 WL 5412067, (D.S.C. Dec. 24, 2008) (dismissing a complaint for lack of personal jurisdiction over New Jersey defendants based on allegations of defendants' decision to extradite plaintiff from South Carolina to New Jersey); *Wright v. Linhardt*, 2009 WL 92810 (D.Or.1998) (holding plaintiff's allegation that a California Assistant United States Attorney who misinformed the court does not provide sufficient minimum contacts with Oregon to warrant the exercise of personal jurisdiction). Mere "incidental" contacts do not demonstrate purposeful availment of the forum. *Fastpath, Inc. v. Arbela Techs. Corp*., 760 F.3d 816, 824 (8th Cir. 2014). *See also, Primus Corp. v. Centreformat Ltd*., 221 Fed. App'x. 492, 494 (8th Cir. 2007).

Plaintiff does not allege a set of facts where any of the State Defendants have subjected themselves to personal jurisdiction by purposefully availing themselves of Missouri's laws or privileges. Plaintiff's allegations involve criminal proceedings in Kansas, not Missouri. Plaintiff further alleges that she was mistreated by Kansas officials, not Missouri officials.

Simply stated, the events giving rise to Plaintiff's claims against State Defendants did not occur in Missouri and have no connection to Missouri. Allowing personal jurisdiction over the State of Kansas based on a decision to charge a criminal defendant in Kansas does not satisfy

6

traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 320 (1945). Otherwise, all criminal charges against any non-Kansas resident would satisfy personal jurisdiction requirements in a foreign jurisdiction in a subsequent civil action. To do so would not be fair, convenient or reasonable.

State Defendants also request that in the event that they are dismissed from this action, but other defendants remain, that State Defendants' dismissal be certified by the court as final pursuant to FRCP 54(b). If State Defendants are dismissed on grounds of lack of personal jurisdiction, but other defendants remain, it is likely that the Court will have found personal jurisdiction over any remaining defendants. The ultimate resolution of the case against remaining defendants would be on very different grounds. Often 54(b) certification is denied out of concerns of judicial economy for purposes of appeal, but given the likelihood of substantially different issues among defendants, any separate appeals would not be piecemeal, they would be on different issues.

          Respectfully submitted,

          OFFICE OF ATTORNEY GENERAL
          DEREK SCHMIDT

          s/ Stephen Phillips
          Stephen Phillips, W.D. Mo. # KS-000819
          Assistant Attorney General
          Memorial Bldg., 2nd Floor
          120 SW 10th Avenue
          Topeka, Kansas 66612-1597
          Tel: (785) 296-2215;  Fax: (785) 291-3767
          Email: steve.phillips@ag.ks.gov
          *Attorney for Defendants* Steve Howe, John Fritz
          Michael McElhinney, Dan Vokins, and James E.
          Phelan

## CERTIFICATE OF SERVICE

   I hereby certify that on this 27th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court, and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gwen G Caranchini
1203 W. 62nd Street
Kansas City, MO 64113

              s/ Stephen Phillips
              Stephen Phillips
              Assistant Attorney General