IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GWENDOLYN CARANCHINI, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 17-CV-00667 |
| ) | |
| LOLA PECK, et al., ) | |
| ) | |
| *Defendants*. ) | |

## MOTION TO STAY DISCOVERY AND OTHER PROCEEDINGS WITH SUGGESTIONS INCORPORATED. BY DEFENDANTS STEVE HOWE, JOHN FRITZ, MICHAEL MCELHINNEY, DAN VOKINS AND JAMES E. PHELAN.

Defendants Steve Howe, Johnson County, Kansas, District Attorney, John Fritz (Johnson County, Kansas, Assistant District Attorney, Michael McElhinney, Johnson County, Kansas Assistant District Attorney, Dan Vokins, Kansas Magistrate Judge, Johnson County, Kansas, and James E. Phelan, Johnson County, Kansas, [*hereinafter* collectively State Defendants], move to stay discovery and other proceedings including mediation until such time as this Court has ruled on the State Defendants' Motion to Dismiss for lack of personal jurisdiction, filed earlier today. (Doc. 10).

Plaintiff filed a 117 page Amended Complaint. Plaintiff brings this action against Rick Peck, with whom she alleges she had a romantic relationship which he ended. Plaintiff also sues his wife Lola Peck. She also names Johnson County, Kansas, in addition to State Defendants (listed above). Against Johnson County and the State Defendants, she apparently proceeds under 42 U.S.C. § 1983 based upon her prosecution and detention in a telephone harassment case—*State of Kansas v. Caranchini*, No. 17DV111, Dist. Ct. Johnson County, Kansas.

State Defendants moved to dismiss this action for lack of personal jurisdiction because none of the events occurred in Missouri. Plaintiff was arrested in Kansas, jailed for a short time in Kansas, bailed out in Kansas, and all court proceedings occurred in Kansas. Nothing whatsoever occurred in Missouri involving the State Defendants.

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Emerson v. Lincoln Electric Holdings, Inc.*, 2009 WL 690181, at *1 (W.D. Mo. March 12, 2009) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)). "A stay of proceedings is routine where jurisdictional challenges are pending." *Id.* (collecting cases).

Discovery would add nothing to the case in its present posture. Facts are not in dispute concerning personal jurisdiction.

Plaintiff's Amended Complaint is utterly without merit against the State Defendants. Not only does the Missouri federal court lack personal jurisdiction over State Defendants, if Plaintiff were to refile this case in Kansas, the State Defendants—judges and prosecutors—would be protected by absolute immunity. This is not a situation in which the Missouri federal court might as well conduct discovery involving the State Defendants. If this case is dismissed in Missouri and refiled in Kansas, in all likelihood, discovery will not take place against the State Defendants. Kansas federal district courts routinely stay discovery when immunity defenses are raised. *See e.g., Auman v. State of Kansas,* No. 17-CV-02069-DDC-JPO, 2017 WL 3977855, at *3 (D. Kan. Sept. 11, 2017). Immunity defenses preclude discovery. The United States Supreme Court has recently stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses. *Iqbal* is very clear that under these circumstances, it is not appropriate to impose what

some might regard as minimal burdens of litigation or even limited discovery. Immunity is immunity from liability as well as the burdens of litigation, including discovery. 556 U.S. at 672 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). In *Iqbal*, the Court went further to indicate that government officials should be shielded even from "participating in litigation and making decisions as to how it should proceed. Litigation … exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." 556 U.S. at 685. *Iqbal* was a qualified immunity case where the qualified immunity was purely a question of law.

According to Document #2, this case was included in the Court's mediation and assessment program. Mediation, often a worthy pursuit, would be unproductive and a waste of resources at this point in this action.

State Defendants request a stay of discovery and all other proceedings, including mediation, in this case, pending resolution of their Motion to Dismiss.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Stephen Phillips
Stephen Phillips, W.D. Mo. # KS-000819
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215;  Fax: (785) 291-3767
Email: steve.phillips@ag.ks.gov
*Attorney for Defendants* Steve Howe, John Fritz Michael McElhinney, Dan Vokins, and James E. Phelan

## CERTIFICATE OF SERVICE

        I hereby certify that on this 27th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court, and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gwen G Caranchini
1203 W. 62nd Street
Kansas City, MO 64113

                                            s/ Stephen Phillips
                                            Stephen Phillips
                                            Assistant Attorney General